# Exhibit A

The information available on Case.net is provided as a service and is not considered an official court record.

Case: 4:26-cv-01084   Doc. #:  1-1   Filed: 07/10/26   Page: 2 of 43 PageID #: 9

Case.net:26SL-CC04172 - A LOVELAND VENTURE, LLC V. HEALTHY ALLIANCE LIFE (E-CASE) - Docket Entries

| **Respond to Selected Documents** |       **Sort by date:** Descending Ascending         **Display options:** All Entries  ⌄

**06/17/2026**

**Notice of Service**

Notice of Service; Exhibit A; Electronic Filing Certificate of Service.

**Filed By:** MARY KATHERINE MULLEN
**On Behalf Of:** A LOVELAND VENTURE, LLC (DBA THE PHOENIX IOM)

**Agent Served**

Document ID - 26-SMCC-8085; Served To - HEALTHY ALLIANCE LIFE INSURANCE COMPANY; Served Date - 06/12/2026; Served Time - 00:00:00; Service Type - SP; Reason Description - SERV; Service Text -

**06/11/2026**

**Summons Issued-Circuit**

Document ID: 26-SMCC-8085, for HEALTHY ALLIANCE LIFE INSURANCE COMPANY Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**Order**

Order Appointing Special Process Server SO ORDERED: JUDGE BRIAN MAY

**06/04/2026**

**Judge/Clerk - Note**

HOLD SERVICE PER PLT'S ATTY.

**Judge Assigned**

DIV 1

**Entry of Appearance Filed**

Entry of Appearance K. Groneck.

**Filed By:** KASEY LEE GRONECK
**On Behalf Of:** A LOVELAND VENTURE, LLC (DBA THE PHOENIX IOM)

**Filing Info Sheet eFiling**


**Filed By:** MARY KATHERINE MULLEN

**Note to Clerk eFiling**


**Filed By:** MARY KATHERINE MULLEN

**Entry of Appearance Filed**

Entry of Appearance M. K. Mullen.

**Filed By:** MARY KATHERINE MULLEN
**On Behalf Of:** A LOVELAND VENTURE, LLC (DBA THE PHOENIX IOM)

**Proposed Order Filed**

Proposed Order.

**Filed By:** MARY KATHERINE MULLEN
**On Behalf Of:** A LOVELAND VENTURE, LLC (DBA THE PHOENIX IOM)

**Motion Filed**

Motion to Appoint Special Process Server.

**Filed By:** MARY KATHERINE MULLEN
**On Behalf Of:** A LOVELAND VENTURE, LLC (DBA THE PHOENIX IOM)

**Request Filed**

Request for Appointment of Process Server.

**Filed By:** MARY KATHERINE MULLEN
**On Behalf Of:** A LOVELAND VENTURE, LLC (DBA THE PHOENIX IOM)

**Pet Filed in Circuit Ct**

Petition; Exhibit A.

**Filed By:** MARY KATHERINE MULLEN
**On Behalf Of:** A LOVELAND VENTURE, LLC (DBA THE PHOENIX IOM)

**26SL-CC04172**

Electronically Filed - St Louis County - June 04, 2026 - 12:33 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**
**TWENTY-FIRST JUDICIAL CIRCUIT**

| | | |
|---|---|---|
| A Loveland Venture, LLC (DBA The Phoenix IOM) | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. |
| | ) | |
| Healthy Alliance Life Insurance Company, | ) | |
| | ) | Div. |
| **Serve**: **(HOLD FOR SERVICE)** | ) | |
| C T CORPORATION SYSTEM | ) | |
| 5661 Telegraph Rd Ste 4B | ) | |
| Saint Louis, MO 63129-4275 | ) | |
| | ) | |
| Defendant. | ) | |

**PETITION**

COMES NOW A Loveland Venture, LLC (DBA The Phoenix IOM) ("Plaintiff"), by and through its counsel, submits this Petition against Healthy Alliance Life Insurance Company ("Defendant"), and states as follows:

**PRELIMINARY STATEMENT**

1.      This action arises from Defendant's repeated and unjustified wrongful retention of funds belonging to the Plaintiff, unreasonable payment practices, and bad faith under state law related to prompt payment, fair trade practices, and fair dealing between insurance carriers and medical providers.

2.      Plaintiff is a licensed medical provider that rendered medically necessary services to individuals covered by health benefit plans administered and/or insured by Defendant. Plaintiff timely submitted claims and supporting documentation. Where Defendant issued payment determinations that Plaintiff reasonably disputed due to considerable underpayment, Plaintiff engaged in the required open negotiation process and then initiated arbitration in the federal

1

Electronically Filed - St Louis County - June 04, 2026 - 12:33 PM

Independent Dispute Resolution process ("IDR") as contemplated by the federal No Surprises Act ("NSA").

3.    Plaintiff prevailed in multiple IDR proceedings. Independent dispute resolution entities issued determinations identifying the additional amounts owed for specific services and dates of service. Those determinations, and the payment obligations arising from them, are final and binding as to the amounts due.

4.    Despite the binding nature of these determinations, Defendant nevertheless has failed and refused to timely remit payment on multiple IDR determinations and related claim obligations, despite repeated notices and demands.

5.    This case is therefore not a dispute about whether services were provided or whether the IDR process occurred. Rather, it concerns Defendant's withholding and retention of monies owed – after Plaintiff delivered care, complied with required processes, and obtained determinations confirming the amounts due.

6.    Defendant's nonpayment and delay have caused foreseeable harm to Plaintiff, including loss of funds necessary to operate a clinical practice, increased administrative and collection costs, and the time-value loss of money that should have been paid when due. Defendant's behavior has also unjustly enriched Defendant at the expense of Plaintiff.

7.    Separately and additionally, Defendant's failure to timely pay clean claims and other amounts due implicates state prompt payment requirements. In Missouri, health insurance companies ("carriers") are subject to prompt payment requirements and interest obligations on overdue claims under statutes and implementing regulations, including Mo. Rev. Stat. § 376.383 et seq., including provisions requiring interest on late payments.

Electronically Filed - St Louis County - June 04, 2026 - 12:33 PM

8.       Plaintiff references the NSA and the IDR determinations solely as factual background and evidence of the amounts owed, and seeks relief under applicable state law for Defendant's wrongful retention of funds and unreasonable payment practices, including restitution and interest.

9.       Plaintiff's claims include, among other causes of action, unjust enrichment and related equitable remedies, because Defendant accepted the benefits of Plaintiff's services to Defendant's members while retaining monies that, in equity and good conscience, should be paid to Plaintiff.

10.       Plaintiff also asserts state-law claims arising from Defendant's failure to pay amounts due in good faith and within required timeframes, including claims based on breach of contract and/or applicable plan terms (as enforceable by Plaintiff through assignment and/or as an intended beneficiary, where applicable), breach of the implied covenant of good faith and fair dealing, quantum meruit, and statutory prompt pay relief (including interest).

11.       Plaintiff seeks relief scaled to the actual misconduct and harm alleged:

   a.   Payment of all unpaid amounts determined to be owed;

   b.   Restitution and disgorgement of wrongfully retained funds;

   c.   Statutory interest and other amounts mandated by state prompt pay law;

   d.   Prejudgment and post-judgment interest;

   e.   Reasonable attorneys' fees and costs where authorized;

   f.   Declaratory relief clarifying Defendant's payment obligations under applicable state law; and

   g.   Punitive damages for this intentional and flagrant failure to pay Plaintiff money rightfully owed to Plaintiff.

3

Electronically Filed - St Louis County - June 04, 2026 - 12:33 PM

12.     In short, Plaintiff rendered medically necessary care, complied with all required processes, was substantially underpaid by Defendant, obtained determinations confirming the amounts owed, and repeatedly demanded payment. Defendant has intentionally failed to timely remit those amounts, constituting a blatant disregard of its legal obligations under state law.

### PARTIES

13.     A Loveland Venture, LLC (DBA The Phoenix IOM) is a medical practice specializing in Intraoperative Monitoring services organized and existing under the laws of Colorado, with its principal place of business at 5858 S Lowell Blvd #32-403, Littleton, CO 80123 ("Plaintiff"). Plaintiff rendered medically necessary healthcare services to individuals enrolled in or covered by health benefit plans issued, administered, and/or otherwise managed by Defendant.

14.     At all relevant times, Plaintiff was duly licensed and authorized to provide the healthcare services at issue, and provided such services in the ordinary course of its business and consistent with applicable professional standards.

15.     Plaintiff submitted claims and supporting documentation for reimbursement for the services at issue in accordance with applicable plan requirements and Defendant's claims submission procedures, including submission of clean claims where applicable.

16.     Upon information and belief, Healthy Alliance Life Insurance Company, an Anthem affiliated company, is an insurance company and/or claims administrator organized and existing under the laws of the State of Missouri, with its headquarters and principal place of business at 100 S 4th St., Saint Louis, MO 63102-2236 ("Defendant"). Defendant is engaged in the business of issuing, administering, managing, and/or paying claims under health benefit plans covering members who received healthcare services from Plaintiff.

4

Electronically Filed - St Louis County - June 04, 2026 - 12:33 PM

17.    At all relevant times, Defendant acted directly and/or through its agents, affiliates, contractors, and representatives in processing, evaluating, negotiating, and paying (or failing to pay) the claims, reimbursements, and amounts at issue in this action.

18.    Plaintiff is informed and believes, and based thereon alleges, that Defendant is responsible for the payment obligations at issue, including amounts owed following completion of the NSA open negotiation and IDR processes relating to certain claims, as well as amounts due under applicable state law governing timely payment of claims and interest on overdue payments.

19.    The identities, roles, and responsibilities of additional persons and entities involved in the acts and omissions described herein are currently unknown to Plaintiff and will be added as appropriate upon further investigation and discovery.

## JURISDICTION AND VENUE

20.    This Court has subject matter jurisdiction over this action pursuant to its general jurisdiction and authority to adjudicate civil actions seeking legal and equitable relief, including claims for unjust enrichment, breach of contract, breach of the implied covenant of good faith and fair dealing, quantum meruit, statutory prompt payment relief (including interest), and declaratory relief.

21.    This Court has subject matter jurisdiction over this action under the Constitution of the State of Missouri and Mo. Rev. Stat. § 478.070.

22.    This Court has personal jurisdiction over Defendant because Defendant is organized under the law of the State of Missouri and resides in the State of Missouri, being headquartered and maintaining a principal place of business at 100 S 4th St., Saint Louis, MO 63102-2236.

Electronically Filed - St Louis County - June 04, 2026 - 12:33 PM

23.     In the alternative, and independently, this Court has specific personal jurisdiction over Defendant because Defendant purposefully availed itself of the privilege of conducting business in Missouri and the claims asserted herein arise out of or relate to Defendant's Missouri-based conduct, including the administration of health benefit plans, claim handling, payment decisions, and/or the failure to remit payment amounts owed to Plaintiff.

24.     Venue is proper pursuant to Mo. Rev. Stat. § 508.010.5(1) because Plaintiff, a Colorado LLC, was first injured outside of the State of Missouri, for which Plaintiff brings tort claims against Defendant, a Missouri corporation, which maintains a registered agent for service of process in St. Louis County.

25.     Plaintiff reserves the right to amend these allegations as additional jurisdictional and venue facts are confirmed through investigation and discovery, including Defendant's corporate structure, claim administration locations, and the locations where payment decisions were made and implemented.

## FACTUAL BACKGROUND

### Claims Submission, Underpayment, and Nonpayment

26.     Plaintiff is a licensed healthcare provider that, in the ordinary course of its practice, renders medically necessary healthcare services to patients, including individuals enrolled in or covered by health benefit plans issued, administered, and/or managed by Defendant.

27.     At all relevant times, Defendant was responsible for administering benefits and processing and paying (or causing to be paid) claims for covered services provided to Defendant's members.

Electronically Filed - St Louis County - June 04, 2026 - 12:33 PM

28.     Plaintiff rendered medically necessary services to Defendant's members, and Plaintiff timely submitted claims for reimbursement consistent with applicable plan requirements, Defendant's submission protocols, and applicable law.

29.     Plaintiff submitted clean claims where applicable – i.e., claims submitted with the information reasonably necessary for Defendant to adjudicate the claim and make payment – together with supporting documentation as required by Defendant and/or applicable standards.

30.     Defendant failed to pay certain claims, underpaid certain claims, and/or delayed payment without reasonable justification. In many instances, Defendant issued initial payment determinations that Plaintiff reasonably disputed due to substantial underpayments.

### Open Negotiation and IDR Determinations

31.     For certain out-of-network items and services, the federal No Surprises Act ("NSA") establishes a process that may include an open negotiation period and, where applicable, Independent Dispute Resolution ("IDR").

32.     Consistent with that process, Plaintiff engaged in open negotiation with Defendant for applicable claims. When those efforts did not resolve the disputes, Plaintiff initiated IDR for applicable claims, consistent with the procedures established under the NSA and implementing regulations.

33.     Independent dispute resolution entities issued determinations in Plaintiff's favor on multiple occasions (the "IDR Determinations"), identifying reimbursement amounts owed by Defendant for specific claims and dates of service. The IDR Determinations and the amounts stated therein are attached as Exhibit A.

Electronically Filed - St Louis County - June 04, 2026 - 12:33 PM

34.    Plaintiff alleges the NSA/IDR history solely as factual background and evidence of the amounts Defendant owes, and to show the unreasonableness of Defendant's continuing nonpayment and delay.

### Defendant's Continued Nonpayment After Determinations and Demand

35.    Following issuance of the IDR Determinations, Plaintiff provided notice to Defendant and demanded payment of the amounts owed, including by transmitting written demand letters and supporting documentation and by identifying the relevant claim identifiers and IDR Determination information.

36.    Despite notice and demand, Defendant failed to remit payment for multiple IDR Determinations, failed to remit payment in full, and/or delayed payment for extended periods without reasonable justification.

37.    Defendant's nonpayment and delays are not isolated administrative errors. Plaintiff has experienced repeated instances of nonpayment and prolonged delay across multiple claims and multiple IDR Determinations, evidencing a pattern of retaining amounts owed while Plaintiff bears the financial burden of delivering care.

### State-Law Timeliness Obligations

38.    Separately and additionally, Defendant failed to timely pay certain clean claims and other amounts due within timeframes required by applicable state law, and is liable for statutory interest and other relief as permitted by that law.

### Harm to Plaintiff

39.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages including, without limitation:

   a.   Unpaid reimbursement amounts;

   b.   Loss of the time value of money;

8

Electronically Filed - St Louis County - June 04, 2026 - 12:33 PM

c.    Increased administrative and collection costs;

d.    Disruption to cash flow and operations; and

e.    Other consequential harms to be proven at trial.

40.    Defendant has been unjustly enriched by failing to pay Plaintiff for services rendered, thereby retaining the benefit of those services – including the discharge of Defendant's obligation to its members to provide or pay for covered healthcare – without providing the compensation due.

### Summary of Amounts Owed

41.    As of the filing of this Petition, Defendant owes Plaintiff at least **$263,111.29** across **29** unpaid IDR Determinations and related claim balances, as reflected in Exhibit A.

### CAUSES OF ACTION

### COUNT I – UNJUST ENRICHMENT

42.    Plaintiff repeats and realleges each and every allegation contained in the preceding sections of this Petition as if fully set forth herein.

43.    Unjust enrichment is an equitable doctrine that prevents a party from retaining a benefit conferred by another where retention without payment would be unjust. Plaintiff alleges (a) Defendant received a benefit from Plaintiff, and (b) Defendant's retention of that benefit without payment is inequitable.

44.    Plaintiff rendered medically necessary healthcare services to individuals covered by health benefit plans issued, administered, and/or managed by Defendant.

45.    In provider–insurer disputes, the relevant "benefit" is not merely the medical services in the abstract, but the discharge of Defendant's obligation to its insured/member to provide, arrange for, or pay for covered healthcare services. By furnishing covered services to

9

Electronically Filed - St Louis County - June 04, 2026 - 12:33 PM

Defendant's members, Plaintiff satisfied obligations that Defendant owed under its plans and/or applicable law, thereby conferring a cognizable benefit on Defendant.

46.    Defendant had reasonable notice that Plaintiff expected to be paid for the benefit conferred. Plaintiff submitted claims and/or invoices for the services rendered, and Defendant acknowledged the claims by issuing explanations of benefits ("EOBs") and/or other claim adjudication communications.

47.    Defendant failed to pay certain claims, underpaid certain claims, and/or unreasonably delayed payment, thereby retaining the benefit of Plaintiff's performance without commensurate compensation.

48.    For applicable claims, the parties' dispute over the appropriate amount owed was addressed through the NSA open negotiation and IDR processes. Certified IDR entities issued determinations identifying additional amounts owed by Defendant for specific claims, as reflected in Exhibit A.

49.    Plaintiff pleads the IDR history as factual context and valuation evidence. The IDR Determinations provide a concrete, non-speculative measure of the value of the benefit Defendant retained after Plaintiff discharged Defendant's obligations by providing covered care.

50.    Despite notice and demand, Defendant failed to remit payment and/or failed to remit payment in full for multiple claims, including claims for which IDR Determinations confirmed additional amounts owed, resulting in a direct connection between Plaintiff's impoverishment and Defendant's enrichment.

51.    Defendant's retention of the benefit without payment is unjust and inequitable because Defendant accepted and retained the benefits of Plaintiff's services for Defendant's members while withholding monies that, in equity and good conscience, should be paid to Plaintiff.

10

Electronically Filed - St Louis County - June 04, 2026 - 12:33 PM

52.    As a further result of Defendant's delayed and withheld payments, Defendant has obtained additional financial benefits from retaining funds owed to Plaintiff, including the time-value of money and, to the extent proven, interest, float, or investment-related benefits derived from the retention of amounts due.

WHEREFORE, Plaintiff prays this Court enter judgment in its favor and against Defendant for Plaintiff's damages in the amount of not less than $263,111.29, plus pre-judgment and post-judgment interest at the maximum rate allowable by law, for Plaintiff's court costs and attorneys' fees, and for such other and further relief that the Court deems just and appropriate.

### COUNT II – QUANTUM MERUIT

53.    Plaintiff repeats and realleges each and every allegation contained in the preceding sections of this Petition as if fully set forth herein.

54.    Plaintiff provided medically necessary healthcare services to individuals covered by health benefit plans issued, administered, and/or managed by Defendant.

55.    Plaintiff rendered those services with a reasonable expectation of being paid for the services provided, including payment of the reasonable value of the services and/or amounts otherwise due and owing for the services at issue.

56.    Defendant accepted, utilized, and benefited from Plaintiff's services, including because Plaintiff's services discharged Defendant's obligations to its members to provide, arrange for, and/or pay for covered healthcare services.

57.    Defendant had notice that Plaintiff expected to be compensated for the services rendered, including because Plaintiff submitted claims and/or invoices for payment and Defendant issued explanations of benefits ("EOBs") and/or other claim adjudication communications reflecting Defendant's processing of the claims.

11

Electronically Filed - St Louis County - June 04, 2026 - 12:33 PM

58.     Defendant has failed to pay, has underpaid, and/or has unreasonably delayed payment for the services at issue, including with respect to claims for which the amount owed was confirmed through applicable processes (including the NSA open negotiation and IDR processes).

59.     Under the circumstances, it would be unjust and inequitable for Defendant to retain the benefits of Plaintiff's services without paying Plaintiff the reasonable value of those services and/or amounts due.

WHEREFORE, Plaintiff prays this Court enter judgment in its favor and against Defendant for Plaintiff's damages in the amount of not less than $263,111.29, plus pre-judgment and post-judgment interest at the maximum rate allowable by law, for Plaintiff's court costs and attorneys' fees, and for such other and further relief that the Court deems just and appropriate.

### COUNT III – VIOLATION OF MISSOURI PROMPT PAY LAW AND REGULATIONS
#### (Mo. Rev. Stat. § 376.383 et seq.)

60.     Plaintiff repeats and realleges each and every allegation contained in the preceding sections of this Petition as if fully set forth herein.

61.     Missouri's prompt payment requirements governing healthcare claims arise pursuant to Mo. Rev. Stat. § 376.383 et seq. (the "Prompt Pay Framework"), which requires insurers and health carriers to timely adjudicate and pay clean claims submitted by healthcare providers.

62.     At all relevant times, Defendant was an "insurer," "health carrier," and/or acted through an "administrator," as those terms are defined and used within the Prompt Pay Framework, and was therefore subject to Missouri's prompt payment requirements with respect to claims for covered healthcare services submitted by Plaintiff.

Electronically Filed - St Louis County - June 04, 2026 - 12:33 PM

63.     Plaintiff submitted claims for covered services to Defendant, and those claims were submitted with the information reasonably necessary for Defendant to adjudicate the claim and make payment.

64.     Pursuant to Mo. Rev. Stat. § 376.383, Defendant was required to remit payment for submitted clean claims within the timeframes specified by statute, including:

a.      Within thirty (30) processing days after receipt of a claim, Defendant was required to notify Plaintiff of the claim's status and either determine that the claim was a clean claim and pay or deny the claim, or request additional information necessary to adjudicate the claim;

b.      Within ten (10) processing days after receipt of requested additional information, Defendant was required to pay the claim or any undisputed portion of the claim, deny the claim, or issue a final request for additional information; and

c.      Within five (5) processing days after receipt of information responding to a final request, Defendant was required to pay the claim or any undisputed portion thereof or deny the claim.

65.     Defendant failed to remit payment within the timeframes required by Mo. Rev. Stat. § 376.383 for certain claims submitted by Plaintiff and/or failed to timely remit payment of amounts that became due following adjudication and dispute-resolution processes, including amounts reflected in Exhibit A.

66.     Under Mo. Rev. Stat. § 376.383, Defendant is obligated to pay interest on overdue claims at the rate of one percent (1%) per month, and a penalty equal to one percent (1%) of the

Electronically Filed - St Louis County - June 04, 2026 - 12:33 PM

claim per day, as provided by statute when payment is not made within the required statutory timeframes.

67.     On information and belief, Defendant had no good cause nor justification for its failure to timely remit payments for claims, interest, and/or penalties to Plaintiff as required by Mo. Rev. Stat. § 376.383.

68.     As a direct and proximate result of Defendant's failure to comply with the Prompt Pay Framework, Plaintiff has been damaged, including by being deprived of timely reimbursement, losing the time value of money, and incurring additional administrative and collection costs, including but not limited to attorneys' fees.

WHEREFORE, Plaintiff prays this Court enter judgment in its favor and against Defendant for Plaintiff's damages in the amount of not less than $263,111.29, plus pre-judgment and post-judgment interest at the maximum rate allowable by law, for Plaintiff's court costs and attorneys' fees, and for such other and further relief that the Court deems just and appropriate.

### COUNT IV – BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

69.     Plaintiff repeats and realleges each and every allegation contained in the preceding sections of this Petition as if fully set forth herein.

70.     Plaintiff is entitled to enforce Defendant's payment obligations arising from the parties' payment relationship, including through valid assignments of benefits executed by Defendant's members and/or as an intended third-party beneficiary, as applicable to particular claims.

71.     The parties' contractual payment arrangements constitute contracts governed by Missouri law.

14

Electronically Filed - St Louis County - June 04, 2026 - 12:33 PM

72.     Every contract governed by Missouri law contains an implied covenant of good faith and fair dealing, which requires that neither party act in a manner that destroys or injures the right of the other to receive the fruits of the contract.

73.     Defendant breached the implied covenant by exercising its claims-processing discretion arbitrarily, unreasonably, and in bad faith, including by:

    a.      Failing to timely and fairly adjudicate covered claims;

    b.      Issuing payment determinations without reasonable bases;

    c.      Engaging in delay tactics designed to avoid or postpone payment;

    d.      Failing to remit payment after amounts owed were determined through applicable processes; and

    e.      Withholding payment despite notice, demand, and confirmation of amounts due.

74.     Defendant's conduct lacked a reasonable basis and was undertaken with knowledge or reckless disregard of Plaintiff's contractual rights, thereby depriving Plaintiff of the benefits reasonably expected under the parties' payment relationship.

WHEREFORE, as a direct and proximate result of Defendant's breach, Plaintiff prays this Court enter judgment in its favor and against Defendant for Plaintiff's damages in the amount it would have earned if the contract had not been breached, plus pre-judgment and post-judgment interest at the maximum rate allowable by law, for Plaintiff's court costs and attorneys' fees, and for such other and further relief that the Court deems just and appropriate.

## COUNT V— INSURANCE BAD FAITH FAILURE TO PAY

75.     Plaintiff repeats and realleges each and every allegation contained in the preceding sections of this Petition as if fully set forth herein.

15

Electronically Filed - St Louis County - June 04, 2026 - 12:33 PM

76. Defendant owed a duty to act in good faith in the handling and payment of claims submitted for services rendered to its members.

77. Defendant lacked a reasonable basis for failing to pay the amounts owed for covered services rendered to its insured members.

78. Defendant knew, or recklessly disregarded that it lacked a reasonable basis for its failure to pay.

79. Defendant's conduct was intentional, malicious, or undertaken in reckless disregard of Plaintiff's rights, including by withholding payment after the amount owed was determined through binding dispute-resolution procedures.

WHEREFORE, Plaintiff prays this Court enter judgment in its favor and against Defendant for Plaintiff's damages in the amount of not less than $263,111.29, plus pre-judgment and post-judgment interest at the maximum rate allowable by law, for Plaintiff's court costs and attorneys' fees, and for such other and further relief that the Court deems just and appropriate.

## COUNT V – BREACH OF IMPLIED-IN-FACT CONTRACT

80. Plaintiff repeats and realleges each and every allegation contained in the preceding sections of this Petition as if fully set forth herein.

81. At all relevant times, Defendant administered payment obligations for members who received medically necessary services from Plaintiff.

82. Through an established and ongoing course of dealing between Plaintiff and Defendant, an implied-in-fact contract arose based upon the parties' conduct and mutual assent, as demonstrated by:

    a. Plaintiff's provision of medically necessary services to Defendant's members with the reasonable expectation of payment;

16

Electronically Filed - St Louis County - June 04, 2026 - 12:33 PM

b. Plaintiff's submission of claims and required documentation in accordance with Defendant's claims-processing procedures;

c. Defendant's acceptance, review, and adjudication of those claims;

d. Defendant's issuance of explanations of benefits ("EOBs") and payment determinations identifying allowed amounts and payment responsibility;

e. Defendant's partial payments on certain claims; and

f. Defendant's participation in open negotiation and dispute-resolution processes concerning payment amounts.

83. The parties' conduct manifested mutual assent that Plaintiff would furnish services and Defendant would process and pay for those services in accordance with established payment practices and applicable law.

84. The consideration for the implied-in-fact contract consisted of Plaintiff's provision of healthcare services that discharged Defendant's obligations to its members, in exchange for Defendant's agreement to process and remit payment for those services.

85. Plaintiff fully performed its obligations under the implied-in-fact contract by rendering the services at issue and submitting claims and supporting documentation consistent with Defendant's requirements and industry standards.

86. Defendant breached the implied-in-fact contract by failing to honor its payment obligations arising from the parties' course of dealing, including by:

a. Failing to remit payment, or remitting only partial payment, for services rendered;

b. Issuing payment determinations inconsistent with Defendant's established payment practices;

Electronically Filed - St Louis County - June 04, 2026 - 12:33 PM

c.   Unreasonably delaying payment after receipt of clean claims and/or necessary documentation;

d.   Failing to remit payment of balances confirmed through dispute-resolution processes for applicable claims (including, where applicable, IDR determinations alleged solely as valuation evidence); and

e.   Retaining the benefit of Plaintiff's performance without payment as contemplated by the parties' established course of conduct.

87.   Defendant's breaches deprived Plaintiff of the benefit of the parties' implied agreement and caused Plaintiff to suffer damages including unpaid amounts, administrative costs, and loss of the time value of money.

WHEREFORE, Plaintiff prays this Court enter judgment in its favor and against Defendant for Plaintiff's damages in the amount of not less than $263,111.29, plus pre-judgment and post-judgment interest at the maximum rate allowable by law, for Plaintiff's court costs and attorneys' fees, and for such other and further relief that the Court deems just and appropriate.

## COUNT VI – DECLARATORY JUDGMENT
### (Mo. Rev. Stat. § 527.010 et seq.)

88.   Plaintiff repeats and realleges each and every allegation contained in the preceding sections of this Petition as if fully set forth herein.

89.   An actual, justiciable controversy exists between Plaintiff and Defendant concerning Defendant's payment obligations for the claims at issue, including:

a.   Whether Defendant is obligated to remit payment for amounts due on claims submitted by Plaintiff;

b.   Whether Defendant is obligated to remit payment of unpaid balances reflected in the IDR Determinations (Exhibit A); and

18

Electronically Filed - St Louis County - June 04, 2026 - 12:33 PM

c.      Whether Defendant is obligated to pay statutory interest and related relief under applicable Missouri prompt payment law.

90.     Plaintiff is entitled to a declaration of its rights and Defendant's obligations pursuant to the Missouri Declaratory Judgment Act, Mo. Rev. Stat. § 527.010 et seq., and this Court has authority to declare the rights and legal relations of the parties.

91.     Plaintiff seeks a declaration that Defendant is obligated to timely pay the amounts due for the services rendered and claims submitted by Plaintiff, including amounts identified as owed in Exhibit A, and that Defendant's continued nonpayment and delay are inconsistent with Defendant's obligations under applicable law.

92.     Plaintiff further seeks a declaration that, to the extent the claims at issue constitute "clean claims" and/or otherwise fall within Missouri's prompt payment requirements, Defendant is obligated to pay such claims within the timeframes required by Missouri law and to pay interest, penalties, and other relief on overdue payments as permitted by law.

93.     A declaratory judgment will serve a useful purpose in clarifying and settling the parties' legal relations and will terminate, or afford relief from, the uncertainty, insecurity, and controversy giving rise to this proceeding.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendant, and award the following relief:

1. An award of damages and/or payment in an amount to be proven at trial, including payment of all amounts due and owing on the claims at issue, including unpaid balances reflected in Exhibit A;

Electronically Filed - St Louis County - June 04, 2026 - 12:33 PM

2. Restitution and disgorgement of all benefits wrongfully retained by Defendant, including the value of the benefit conferred and retained without payment and, to the extent proven, benefits derived from delay (including float/time-value benefits);

3. Statutory interest, penalties, and any other relief available under Missouri prompt payment law, including Mo. Rev. Stat. § 376.383 et seq., for all overdue clean claims and other overdue amounts as permitted by law;

4. Declaratory relief pursuant to the Missouri Declaratory Judgment Act, Mo. Rev. Stat. § 527.010 et seq., declaring the rights, status, and legal relations of the parties, including Defendant's obligation to remit payment and to comply with applicable Missouri prompt payment requirements (including interest and penalties);

5. Prejudgment interest and post-judgment interest as permitted by law;

6. Costs of suit, and attorneys' fees to the extent recoverable by contract, statute, regulation, or other applicable law; and

7. Such other and further legal and equitable relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Electronically Filed - St Louis County - June 04, 2026 - 12:33 PM

Respectfully submitted,

**HUSCH BLACKWELL LLP**

*/s/ Mary K. Mullen*
Mary K. Mullen, #70265
Kasey Groneck, #76632
8001 Forsyth Boulevard, Suite 1500
St. Louis, Missouri   63105
314-480-1500
314-480-1505
marykate.mullen@huschblackwell.com
kay.groneck@huschblackwell.com

*Attorneys for Plaintiff A Loveland Venture,*
*LLC (DBA The Phoenix IOM)*

21

Electronically Filed - St Louis County - June 04, 2026 - 12:33 PM    Case: 4:26-cv-01084    Doc. #: 1-1    Filed: 07/10/26    Page: 24 of 43 PageID #: 31

| Filename | Provider | Insurance | Resolution Date | Resolution Total Due | Case Confirmation No. |
|---|---|---|---|---|---|
| ALV-HEA-FEDMO-053 | A Loveland Venture, LLC (DBA The Phoenix IOM) | Healthy Alliance Life Ins. Co | 2025-03-05 00:00:00 | 3281.08 | DISP-2360509, DISP-2454633 |
| ALV-HEA-FEDMO-041 | A Loveland Venture, LLC (DBA The Phoenix IOM) | Healthy Alliance Life Ins. Co | 2025-03-29 00:00:00 | 17173.18 | DISP-2541552 |
| ALV-HEA-FEDMO-034 | A Loveland Venture, LLC (DBA The Phoenix IOM) | Healthy Alliance Life Ins. Co | 2025-04-09 00:00:00 | 10571.45 | DISP-2372755 |
| ALV-HEA-FEDMO-016 | A Loveland Venture, LLC (DBA The Phoenix IOM) | Healthy Alliance Life Ins. Co | 2025-04-20 00:00:00 | 15897.8 | DISP-1975510 |
| ALV-HEA-RFED-029 | A Loveland Venture, LLC (DBA The Phoenix IOM) | Healthy Alliance Life Ins. Co | 2025-05-07 00:00:00 | 4909.63 | DISP-2953584 |
| ALV-HEA-FEDMO-050 | A Loveland Venture, LLC (DBA The Phoenix IOM) | Healthy Alliance Life Ins. Co | 2025-05-12 00:00:00 | 14730.45 | DISP-2570418 |
| ALV-HEA-RFED-014 | A Loveland Venture, LLC (DBA The Phoenix IOM) | Healthy Alliance Life Ins. Co | 2025-05-12 00:00:00 | 6003.03 | DISP-2743238 |
| ALV-HEA-RFED-017 | A Loveland Venture, LLC (DBA The Phoenix IOM) | Healthy Alliance Life Ins. Co | 2025-05-20 00:00:00 | 10962.54 | DISP-2810981 |
| ALV-HEA-RFED-004 | A Loveland Venture, LLC (DBA The Phoenix IOM) | Healthy Alliance Life Ins. Co | 2025-05-21 00:00:00 | 11459.82 | DISP-2723589 |
| ALV-HEA-RFED-026 | A Loveland Venture, LLC (DBA The Phoenix IOM) | Healthy Alliance Life Ins. Co | 2025-05-27 00:00:00 | 5374.31 | DISP-2961875 |
| ALV-HEA-RFED-011 | A Loveland Venture, LLC (DBA The Phoenix IOM) | Healthy Alliance Life Ins. Co | 2025-05-30 00:00:00 | 13762.97 | DISP-2732599 |
| ALV-HEA-RFED-012 | A Loveland Venture, LLC (DBA The Phoenix IOM) | Healthy Alliance Life Ins. Co | 2025-05-30 00:00:00 | 7299.25 | DISP-2732860 |
| ALV-HEA-RFED-008 | A Loveland Venture, LLC (DBA The Phoenix IOM) | Healthy Alliance Life Ins. Co | 2025-06-16 00:00:00 | 4999.78 | DISP-2732533 |
| ALV-HEA-FEDMO-042 | A Loveland Venture, LLC (DBA The Phoenix IOM) | Healthy Alliance Life Ins. Co | 2025-06-18 00:00:00 | 9449.69 | DISP-2431815 |
| ALV-HEA-RFED-092 | A Loveland Venture, LLC (DBA The Phoenix IOM) | Healthy Alliance Life Ins. Co | 2025-06-19 00:00:00 | 8853.56 | DISP-2706743 |
| ALV-HEA-RFED-049 | A Loveland Venture, LLC (DBA The Phoenix IOM) | Healthy Alliance Life Ins. Co | 2025-06-19 00:00:00 | 6313.17 | DISP-3293884 |
| ALV-HEA-RFED-006 | A Loveland Venture, LLC (DBA The Phoenix IOM) | Healthy Alliance Life Ins. Co | 2025-06-24 00:00:00 | 4999.78 | DISP-2732459 |
| ALV-HEA-RFED-035 | A Loveland Venture, LLC (DBA The Phoenix IOM) | Healthy Alliance Life Ins. Co | 2025-07-01 00:00:00 | 7516.49 | DISP-3293992 |
| ALV-HEA-FEDMO-049 | A Loveland Venture, LLC (DBA The Phoenix IOM) | Healthy Alliance Life Ins. Co | 2025-07-01 00:00:00 | 2365.82 | DISP-2539160 |
| ALV-HEA-RFED-031 | A Loveland Venture, LLC (DBA The Phoenix IOM) | Healthy Alliance Life Ins. Co | 2025-07-03 00:00:00 | 17473.38 | DISP-3204411 |
| ALV-HEA-RFED-002 | A Loveland Venture, LLC (DBA The Phoenix IOM) | Healthy Alliance Life Ins. Co | 2025-07-04 00:00:00 | 18613.02 | DISP-2707001 |
| ALV-HEA-FEDMO-033 | A Loveland Venture, LLC (DBA The Phoenix IOM) | Healthy Alliance Life Ins. Co | 2025-07-08 00:00:00 | 6490.47 | DISP-2360274 |
| ALV-HEA-FEDMO-037 | A Loveland Venture, LLC (DBA The Phoenix IOM) | Healthy Alliance Life Ins. Co | 2025-07-09 00:00:00 | 7451.05 | DISP-2426221 |
| ALV-HEA-FEDMO-058 | A Loveland Venture, LLC (DBA The Phoenix IOM) | Healthy Alliance Life Ins. Co | 2025-07-11 00:00:00 | 6490.47 | DISP-2537804 |
| ALV-HEA-FEDMO-035 | A Loveland Venture, LLC (DBA The Phoenix IOM) | Healthy Alliance Life Ins. Co | 2025-07-15 00:00:00 | 3294.32 | DISP-2426684 |
| ALV-HEA-RFED-045 | A Loveland Venture, LLC (DBA The Phoenix IOM) | Healthy Alliance Life Ins. Co | 2025-07-16 00:00:00 | 15675.13 | DISP-3424368 |
| ALV-HEA-RFED-062 | A Loveland Venture, LLC (DBA The Phoenix IOM) | Healthy Alliance Life Ins. Co | 2025-07-18 00:00:00 | 4735.99 | DISP-3424569 |
| ALV-HEA-RFED-042 | A Loveland Venture, LLC (DBA The Phoenix IOM) | Healthy Alliance Life Ins. Co | 2025-07-18 00:00:00 | 11994.85 | DISP-3424744 |
| ALV-HEA-FEDMO-054 | A Loveland Venture, LLC (DBA The Phoenix IOM) | Healthy Alliance Life Ins. Co | 2025-07-21 00:00:00 | 4968.81 | DISP-2427686 |

**Exhibit A**

Electronically Filed - St Louis County - June 04, 2026 - 12:33 PM

**26SL-CC04172**

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**
**TWENTY-FIRST JUDICIAL CIRCUIT**

| | | |
|---|---|---|
| A Loveland Venture, LLC (DBA The Phoenix IOM) | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. |
| | ) | |
| Healthy Alliance Life Insurance Company, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO APPOINT SPECIAL PROCESS SERVER**

COME NOW Plaintiff, by counsel, and move the Court for an order appointing a special process server in this cause to serve the Summons and Petition. SRI is a reputable process service company, and Plaintiffs' counsel believes SRI can obtain service on Healthy Alliance Life Insurance Company's Registered Agent CT Corporation System.

WHEREFORE, Plaintiff request an Order appointing SRI as special process server in this case and directing that the Court's Summonses and all other pleadings and orders directed by the Court be provided to SRI for service.

Respectfully submitted,

**HUSCH BLACKWELL LLP**

*/s/ Mary K. Mullen*
Mary K. Mullen, #70265
Kasey Groneck, #76632
8001 Forsyth Boulevard, Suite 1500
St. Louis, Missouri   63105
314-480-1500
314-480-1505
marykate.mullen@huschblackwell.com
kay.groneck@huschblackwell.com

*Attorney for Plaintiff  A Loveland Venture,*
*LLC (DBA The Phoenix IOM)*

1

**26SL-CC04172**

Electronically Filed - St Louis County - June 04, 2026 - 12:33 PM

**In the**

# CIRCUIT COURT
## Of St. Louis County, Missouri

_A Loveland Venture, LLC (DBA The Phoenix IOM)_
Plaintiff/Petitioner

vs.

_Healthy Alliance Life Insurance Company_
Defendant/Respondent

_June 4, 2026_
Date

_____
Case Number

_____
Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now _Plaintiff A Loveland Venture, LLC (DBA The Phoenix IOM)_ , pursuant
                          Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

_Marybeth Rice, Richard A Raymond , Mark Braden,  1528 S. Big Bend Blvd. Richmond Heights, MO  63117   314-644-3955_
Name of Process Server                    Address                                      Telephone

_Martin Hueckel, Danessa C. Seward  1528 S. Big Bend Blvd. Richmond Heights, MO  63117        314-644-3955_
Name of Process Server                    Address or in the Alternative                      Telephone

_Monica D. Banks, Tommy  Webb  Lawrence G. Roth 1528 S. Big Bend Blvd. Richmond Heights, MO  63117        314-644-3955_
Name of Process Server                    Address or in the Alternative                      Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties.  This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE:
_CT Corporation System c/o Healthy Alliance_
Name
_5661 Telegraph Rd. Ste 4B_
Address
_St. Louis, MO 63129-4275_
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

Appointed as requested:
**JOAN M. GILMER,** Circuit Clerk

By _____ /S/ Adam Dockery _____
     Deputy Clerk

_____ 06/11/2026 _____
Date

_/s/ Mary K. Mullen_____
Signature of Attorney/Plaintiff/Petitioner
_MO #70265_____
Bar No.
_8001 Forsyth Blvd., Ste 1500, St. Louis MO_
Address
_(314) 480-1500_____(314) 480-1505_
Phone No.                              Fax No.

CCADM62-WS    Rev. 08/16

Electronically Filed - St Louis County - June 04, 2026 - 12:33 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com.  (LawandPublicSafety/Circuit/Forms).

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM62-WS     Rev. 08/16

**26SL-CC04172**

Electronically Filed - St Louis County - June 04, 2026 - 12:33 PM

**In the**

# CIRCUIT COURT
## Of St. Louis County, Missouri

_A Loveland Venture, LLC (DBA The Phoenix IOM)_
Plaintiff/Petitioner

vs.

_Healthy Alliance Life Insurance Company_
Defendant/Respondent

_June 4, 2026_
Date

_____
Case Number

_____
Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now _Plaintiff A Loveland Venture, LLC (DBA The Phoenix IOM)_, pursuant
               Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

_Marybeth Rice, Richard A Raymond , Mark Braden,  1528 S. Big Bend Blvd. Richmond Heights, MO  63117   314-644-3955_
Name of Process Server               Address                    Telephone

_Martin Hueckel, Danessa C. Seward  1528 S. Big Bend Blvd. Richmond Heights, MO  63117      314-644-3955_
Name of Process Server               Address or in the Alternative            Telephone

_Monica D. Banks, Tommy  Webb  Lawrence G. Roth 1528 S. Big Bend Blvd. Richmond Heights, MO  63117      314-644-3955_
Name of Process Server               Address or in the Alternative            Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties.  This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE:
 _CT Corporation System c/o Healthy Alliance_
Name
 _5661 Telegraph Rd. Ste 4B_
Address
 _St. Louis, MO 63129-4275_
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

Appointed as requested:
**JOAN M. GILMER,** Circuit Clerk

By _____
   Deputy Clerk

_____
Date

 _/s/ Mary K. Mullen_____
Signature of Attorney/Plaintiff/Petitioner
 _MO #70265_____
Bar No.
 _8001 Forsyth Blvd., Ste 1500, St. Louis MO_
Address
 _(314) 480-1500_____(314) 480-1505_
Phone No.                     Fax No.

CCADM62-WS    Rev. 08/16

Electronically Filed - St Louis County - June 04, 2026 - 12:33 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com.  (LawandPublicSafety/Circuit/Forms).

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM62-WS      Rev. 08/16

26SL-CC04172

Electronically Filed - St Louis County - June 04, 2026 - 12:33 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**
**TWENTY-FIRST JUDICIAL CIRCUIT**

| | | |
|---|---|---|
| A Loveland Venture, LLC (DBA The Phoenix IOM) | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. |
| | ) | |
| Healthy Alliance Life Insurance Company, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY OF APPEARANCE**

COMES NOW Mary K. Mullen and Husch Blackwell LLP and enters their appearance on

behalf of Plaintiff A Loveland Venture, LLC DBA The Phoenix IOM in the above captioned case.


Respectfully submitted,

**HUSCH BLACKWELL LLP**

*/s/ Mary K. Mullen*
Mary K. Mullen, #70265
8001 Forsyth Boulevard, Suite 1500
St. Louis, Missouri   63105
314-480-1500
314-480-1505
marykate.mullen@huschblackwell.com

*Attorney for Plaintiff  A Loveland Venture,*
*LLC (DBA The Phoenix IOM)*

1

**26SL-CC04172**

Electronically Filed - ST LOUIS COUNTY - June 04, 2026 - 12:39 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI
TWENTY-FIRST JUDICIAL CIRCUIT**

| | | |
|---|---|---|
| A Loveland Venture, LLC (DBA The Phoenix IOM) | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. |
| | ) | |
| Healthy Alliance Life Insurance Company, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY OF APPEARANCE**

COMES NOW Kasey Groneck and Husch Blackwell LLP and enters their appearance on

behalf of Plaintiff A Loveland Venture, LLC DBA The Phoenix IOM in the above captioned case.

Respectfully submitted,

**HUSCH BLACKWELL LLP**

*/s/ Kasey Groneck*
Kasey Groneck, #76632
8001 Forsyth Boulevard, Suite 1500
St. Louis, Missouri   63105
phone: 314-480-1500
fax: 314-480-1505
kay.groneck@huschblackwell.com

*Attorney for Plaintiff  A Loveland Venture,
LLC (DBA The Phoenix IOM)*

1

**26SL-CC04172**

Electronically Filed - St Louis County - June 04, 2026 - 12:33 PM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI
TWENTY-FIRST JUDICIAL CIRCUIT

| | | |
|---|---|---|
| A Loveland Venture, LLC (DBA The Phoenix IOM) | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. |
| | ) | |
| Healthy Alliance Life Insurance Company, | ) | |
| | ) | |
| Defendant. | ) | |

**FILED**

JUN 1 1 2026

JOAN M. GILMER
CIRCUIT CLERK, ST LOUIS COUNTY

## ORDER APPOINTING SPECIAL PROCESS SERVER

NOW on this date, having reviewed Plaintiff's Motion to Appoint Special Process Server, pursuant to Rule 54 and §506.140, RSMo., the Court hereby appoints SRI as special process servers to serve Healthy Alliance Life Insurance Company's Registered Agent CT Corporation System with the Petition in this case.

IT IS SO ORDERED.

DATE: 6/11/26

_____
Judge or Clerk
St. Louis County, Missouri

1



# Summons in Civil Case

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>BRIAN H. MAY | Case Number: 26SL-CC04172 | |
|---|---|---|
| Plaintiff/Petitioner:<br> A LOVELAND VENTURE, LLC (DBA THE PHOENIX IOM)<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MARY KATHERINE MULLEN<br>8001 FORSYTH BOULEVARD<br>SUITE 1500<br>ST.LOUIS, MO  63105 | |
| Defendant/Respondent:<br> HEALTHY ALLIANCE LIFE INSURANCE COMPANY | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 | (Date File Stamp for Return) |
| Nature of Suit:<br>CC Declaratory Judgment | | |

The State of Missouri to:    **HEALTHY ALLIANCE LIFE INSURANCE COMPANY**
　　　　　　　　　　　　　**Alias:**
　　　　　　　　　　　　　**CT CORPORATION SYSTEM**
　　　　　　　　　　　　　**5661 TELEGRAPH RD STE 4B**
　　　　　　　　　　　　　**SAINT LOUIS, MO  63129**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**_COURT SEAL OF_**



**_ST. LOUIS COUNTY_**

| 11-JUN-2026 | /S/ Adam Dockery |
|---|---|
| Date | Clerk |

**Further Information:**
AD

**Case Number: 26SL-CC04172**

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the

defendant/respondent with _____, a person at least 18 years

of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date)

at _____ (time).

_____        _____
     Printed Name of Officer or Server                    Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____ _____
                                              Date                              Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

CCADM73

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.   These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73



**OFFICE OF THE CIRCUIT CLERK**

Missouri's 21st Judicial Circuit, St. Louis County
Civil Department
105 South Central Avenue, Clayton, MO 63105
Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.
Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least three business days in advance of the court proceeding.

Electronically Filed - ST LOUIS COUNTY - June 17, 2026 - 02:36 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**
**TWENTY-FIRST JUDICIAL CIRCUIT**

| | |
|---|---|
| A Loveland Venture, LLC (DBA The Phoenix IOM) | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| vs. | )     Case No. 26SL-CC04172 |
| | ) |
| Healthy Alliance Life Insurance Company, | )     Div. |
| | ) |
| Defendant. | ) |

**NOTICE OF SERVICE**

COMES NOW Plaintiff, A Loveland Venture, LLC, by and through counsel, and files the

Affidavit of Service for the service of the Summons and Petition upon Defendant Healthy Alliance

Life Insurance Company, attached hereto as Exhibit A.

| **Defendant** | **Date Served** |
|---|---|
| Health Alliance Life Insurance Company | 06/12/2026 |
| c/o Registered Agent | |
| CT Corporation System | |
| 120 South Central Ave., | |
| St. Louis, MO 63105 | |

Dated: June 17, 2026

Respectfully submitted,

**HUSCH BLACKWELL LLP**

*/s/ Mary K. Mullen*
Mary K. Mullen, #70265
Kasey Groneck, #76632
8001 Forsyth Boulevard, Suite 1500
St. Louis, Missouri   63105
314-480-1500
314-480-1505
marykate.mullen@huschblackwell.com
kay.groneck@huschblackwell.com

*Attorney for Plaintiff  A Loveland Venture,*
*LLC (DBA The Phoenix IOM)*

1

Electronically Filed - ST LOUIS COUNTY - June 17, 2026 - 02:36 PM

## CERTIFICATE OF SERVICE

On this 17th day of June, 2026 a copy of the foregoing was filed with the Court via the Court's electronic filing/notification system.

/s/      *Mary K. Mullen*
Mary K. Mullen

2

# Exhibit B

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

A Loveland Venture, LLC (DBA The Phoenix IOM)

      Plaintiff,

vs.

Healthy Alliance Life Insurance Company,

      Defendant.

Case No. 26SL- CC04172

**NOTICE OF FILING NOTICE OF REMOVAL**

TO:    CLERK, CIRCUIT COURT OF ST. LOUIS COUNTY and PLAINTIFF

Please take notice that Defendant Healthy Alliance Life Insurance Company ("HALIC") has removed the above-styled action from the Circuit Court of St. Louis County, Missouri, to the United States District Court for the Eastern District of Missouri, Eastern Division.

Attached hereto as **Exhibit A** is a true and correct copy of the Notice of Removal that HALIC filed on this date with the United States District Court for the Eastern District of Missouri, Eastern Division.

You are also advised that the filing of this Removal Notice has effected removal in accordance with 28 U.S.C. § 1446(d).  This case is now removed to federal court, and all further proceedings in this Court are stayed.

Respectfully submitted, this 10th day of July, 2026.

/s/ *Kyle R. Gerlach*
Kyle R. Gerlach, Bar No. # 76056(MO)
TROUTMAN PEPPER LOCKE LLP
7456 Jager Court, Suite 7456-B
Cincinnati, OH 45230
Telephone: 513-875-6304
kyle.gerlach@troutman.com
*Attorney for HALIC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 10, 2026, a copy of the foregoing was filed electronically and

served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by

e-mail to all parties by operation of the Court's electronic filing system.


Mary K. Mullen, #70265
Kasey Groneck, #76632
HUSCH BLACKWELL LLP
8001 Forsyth Boulevard, Suite 1500
St. Louis, Missouri 63105
314-480-1500
314-480-1505
marykate.mullen@huschblackwell.com
kay.groneck@huschblackwell.com

*Attorneys for Plaintiff A Loveland Venture, LLC (DBA The Phoenix IOM)*


/s/ *Kyle R. Gerlach*
Kyle R. Gerlach, Bar No. # 76056(MO)

## **CERTIFICATE OF SERVICE**

I certify that I caused the foregoing to be served upon all persons and entities authorized and registered to receive such service through the Court's Case Management/Electronic Case Files (CM/ECF) system on July 10, 2026 to:

Mary K. Mullen, #70265
Kasey Groneck, #76632
HUSCH BLACKWELL LLP
8001 Forsyth Boulevard, Suite 1500
St. Louis, Missouri 63105
314-480-1500
314-480-1505
marykate.mullen@huschblackwell.com
kay.groneck@huschblackwell.com

*Attorneys for Plaintiff A Loveland Venture, LLC (DBA The Phoenix IOM)*

/s/ *Kyle R. Gerlach*
Kyle R. Gerlach, MO Bar No. # 76056
TROUTMAN PEPPER LOCKE LLP
7456 Jager Court, Suite 7456-B
Cincinnati, OH 45230
Telephone: 513-875-6304
kyle.gerlach@troutman.com

*Attorney for Defendant HALIC*