Electronically Filed - St Louis County - June 04, 2026 - 12:33 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**
**TWENTY-FIRST JUDICIAL CIRCUIT**

| | | |
|---|---|---|
| A Loveland Venture, LLC (DBA The Phoenix IOM)<br><br>Plaintiff,<br>vs.<br><br>Healthy Alliance Life Insurance Company,<br><br>**Serve: (HOLD FOR SERVICE)**<br>C T CORPORATION SYSTEM<br>5661 Telegraph Rd Ste 4B<br>Saint Louis, MO 63129-4275<br><br>Defendant. | ) | Case No.<br><br>Div. |

**PETITION**

COMES NOW A Loveland Venture, LLC (DBA The Phoenix IOM) ("Plaintiff"), by and through its counsel, submits this Petition against Healthy Alliance Life Insurance Company ("Defendant"), and states as follows:

**PRELIMINARY STATEMENT**

1. This action arises from Defendant's repeated and unjustified wrongful retention of funds belonging to the Plaintiff, unreasonable payment practices, and bad faith under state law related to prompt payment, fair trade practices, and fair dealing between insurance carriers and medical providers.

2. Plaintiff is a licensed medical provider that rendered medically necessary services to individuals covered by health benefit plans administered and/or insured by Defendant. Plaintiff timely submitted claims and supporting documentation. Where Defendant issued payment determinations that Plaintiff reasonably disputed due to considerable underpayment, Plaintiff engaged in the required open negotiation process and then initiated arbitration in the federal

Electronically Filed - St Louis County - June 04, 2026 - 12:33 PM

Independent Dispute Resolution process ("IDR") as contemplated by the federal No Surprises Act ("NSA").

3. Plaintiff prevailed in multiple IDR proceedings. Independent dispute resolution entities issued determinations identifying the additional amounts owed for specific services and dates of service. Those determinations, and the payment obligations arising from them, are final and binding as to the amounts due.

4. Despite the binding nature of these determinations, Defendant nevertheless has failed and refused to timely remit payment on multiple IDR determinations and related claim obligations, despite repeated notices and demands.

5. This case is therefore not a dispute about whether services were provided or whether the IDR process occurred. Rather, it concerns Defendant's withholding and retention of monies owed – after Plaintiff delivered care, complied with required processes, and obtained determinations confirming the amounts due.

6. Defendant's nonpayment and delay have caused foreseeable harm to Plaintiff, including loss of funds necessary to operate a clinical practice, increased administrative and collection costs, and the time-value loss of money that should have been paid when due. Defendant's behavior has also unjustly enriched Defendant at the expense of Plaintiff.

7. Separately and additionally, Defendant's failure to timely pay clean claims and other amounts due implicates state prompt payment requirements. In Missouri, health insurance companies ("carriers") are subject to prompt payment requirements and interest obligations on overdue claims under statutes and implementing regulations, including Mo. Rev. Stat. § 376.383 et seq., including provisions requiring interest on late payments.

Electronically Filed - St Louis County - June 04, 2026 - 12:33 PM

8. Plaintiff references the NSA and the IDR determinations solely as factual background and evidence of the amounts owed, and seeks relief under applicable state law for Defendant's wrongful retention of funds and unreasonable payment practices, including restitution and interest.

9. Plaintiff's claims include, among other causes of action, unjust enrichment and related equitable remedies, because Defendant accepted the benefits of Plaintiff's services to Defendant's members while retaining monies that, in equity and good conscience, should be paid to Plaintiff.

10. Plaintiff also asserts state-law claims arising from Defendant's failure to pay amounts due in good faith and within required timeframes, including claims based on breach of contract and/or applicable plan terms (as enforceable by Plaintiff through assignment and/or as an intended beneficiary, where applicable), breach of the implied covenant of good faith and fair dealing, quantum meruit, and statutory prompt pay relief (including interest).

11. Plaintiff seeks relief scaled to the actual misconduct and harm alleged:

a. Payment of all unpaid amounts determined to be owed;

b. Restitution and disgorgement of wrongfully retained funds;

c. Statutory interest and other amounts mandated by state prompt pay law;

d. Prejudgment and post-judgment interest;

e. Reasonable attorneys' fees and costs where authorized;

f. Declaratory relief clarifying Defendant's payment obligations under applicable state law; and

g. Punitive damages for this intentional and flagrant failure to pay Plaintiff money rightfully owed to Plaintiff.

Electronically Filed - St Louis County - June 04, 2026 - 12:33 PM

12. In short, Plaintiff rendered medically necessary care, complied with all required processes, was substantially underpaid by Defendant, obtained determinations confirming the amounts owed, and repeatedly demanded payment. Defendant has intentionally failed to timely remit those amounts, constituting a blatant disregard of its legal obligations under state law.

**PARTIES**

13. A Loveland Venture, LLC (DBA The Phoenix IOM) is a medical practice specializing in Intraoperative Monitoring services organized and existing under the laws of Colorado, with its principal place of business at 5858 S Lowell Blvd #32-403, Littleton, CO 80123 ("Plaintiff"). Plaintiff rendered medically necessary healthcare services to individuals enrolled in or covered by health benefit plans issued, administered, and/or otherwise managed by Defendant.

14. At all relevant times, Plaintiff was duly licensed and authorized to provide the healthcare services at issue, and provided such services in the ordinary course of its business and consistent with applicable professional standards.

15. Plaintiff submitted claims and supporting documentation for reimbursement for the services at issue in accordance with applicable plan requirements and Defendant's claims submission procedures, including submission of clean claims where applicable.

16. Upon information and belief, Healthy Alliance Life Insurance Company, an Anthem affiliated company, is an insurance company and/or claims administrator organized and existing under the laws of the State of Missouri, with its headquarters and principal place of business at 100 S 4th St., Saint Louis, MO 63102-2236 ("Defendant"). Defendant is engaged in the business of issuing, administering, managing, and/or paying claims under health benefit plans covering members who received healthcare services from Plaintiff.

Electronically Filed - St Louis County - June 04, 2026 - 12:33 PM

17. At all relevant times, Defendant acted directly and/or through its agents, affiliates, contractors, and representatives in processing, evaluating, negotiating, and paying (or failing to pay) the claims, reimbursements, and amounts at issue in this action.

18. Plaintiff is informed and believes, and based thereon alleges, that Defendant is responsible for the payment obligations at issue, including amounts owed following completion of the NSA open negotiation and IDR processes relating to certain claims, as well as amounts due under applicable state law governing timely payment of claims and interest on overdue payments.

19. The identities, roles, and responsibilities of additional persons and entities involved in the acts and omissions described herein are currently unknown to Plaintiff and will be added as appropriate upon further investigation and discovery.

**JURISDICTION AND VENUE**

20. This Court has subject matter jurisdiction over this action pursuant to its general jurisdiction and authority to adjudicate civil actions seeking legal and equitable relief, including claims for unjust enrichment, breach of contract, breach of the implied covenant of good faith and fair dealing, quantum meruit, statutory prompt payment relief (including interest), and declaratory relief.

21. This Court has subject matter jurisdiction over this action under the Constitution of the State of Missouri and Mo. Rev. Stat. § 478.070.

22. This Court has personal jurisdiction over Defendant because Defendant is organized under the law of the State of Missouri and resides in the State of Missouri, being headquartered and maintaining a principal place of business at 100 S 4th St., Saint Louis, MO 63102-2236.

Electronically Filed - St Louis County - June 04, 2026 - 12:33 PM

23. In the alternative, and independently, this Court has specific personal jurisdiction over Defendant because Defendant purposefully availed itself of the privilege of conducting business in Missouri and the claims asserted herein arise out of or relate to Defendant's Missouri-based conduct, including the administration of health benefit plans, claim handling, payment decisions, and/or the failure to remit payment amounts owed to Plaintiff.

24. Venue is proper pursuant to Mo. Rev. Stat. § 508.010.5(1) because Plaintiff, a Colorado LLC, was first injured outside of the State of Missouri, for which Plaintiff brings tort claims against Defendant, a Missouri corporation, which maintains a registered agent for service of process in St. Louis County.

25. Plaintiff reserves the right to amend these allegations as additional jurisdictional and venue facts are confirmed through investigation and discovery, including Defendant's corporate structure, claim administration locations, and the locations where payment decisions were made and implemented.

## FACTUAL BACKGROUND

### Claims Submission, Underpayment, and Nonpayment

26. Plaintiff is a licensed healthcare provider that, in the ordinary course of its practice, renders medically necessary healthcare services to patients, including individuals enrolled in or covered by health benefit plans issued, administered, and/or managed by Defendant.

27. At all relevant times, Defendant was responsible for administering benefits and processing and paying (or causing to be paid) claims for covered services provided to Defendant's members.

Electronically Filed - St Louis County - June 04, 2026 - 12:33 PM

28. Plaintiff rendered medically necessary services to Defendant's members, and Plaintiff timely submitted claims for reimbursement consistent with applicable plan requirements, Defendant's submission protocols, and applicable law.

29. Plaintiff submitted clean claims where applicable – i.e., claims submitted with the information reasonably necessary for Defendant to adjudicate the claim and make payment – together with supporting documentation as required by Defendant and/or applicable standards.

30. Defendant failed to pay certain claims, underpaid certain claims, and/or delayed payment without reasonable justification. In many instances, Defendant issued initial payment determinations that Plaintiff reasonably disputed due to substantial underpayments.

**Open Negotiation and IDR Determinations**

31. For certain out-of-network items and services, the federal No Surprises Act ("NSA") establishes a process that may include an open negotiation period and, where applicable, Independent Dispute Resolution ("IDR").

32. Consistent with that process, Plaintiff engaged in open negotiation with Defendant for applicable claims. When those efforts did not resolve the disputes, Plaintiff initiated IDR for applicable claims, consistent with the procedures established under the NSA and implementing regulations.

33. Independent dispute resolution entities issued determinations in Plaintiff's favor on multiple occasions (the "IDR Determinations"), identifying reimbursement amounts owed by Defendant for specific claims and dates of service. The IDR Determinations and the amounts stated therein are attached as Exhibit A.

Electronically Filed - St Louis County - June 04, 2026 - 12:33 PM

34. Plaintiff alleges the NSA/IDR history solely as factual background and evidence of the amounts Defendant owes, and to show the unreasonableness of Defendant's continuing nonpayment and delay.

**Defendant's Continued Nonpayment After Determinations and Demand**

35. Following issuance of the IDR Determinations, Plaintiff provided notice to Defendant and demanded payment of the amounts owed, including by transmitting written demand letters and supporting documentation and by identifying the relevant claim identifiers and IDR Determination information.

36. Despite notice and demand, Defendant failed to remit payment for multiple IDR Determinations, failed to remit payment in full, and/or delayed payment for extended periods without reasonable justification.

37. Defendant's nonpayment and delays are not isolated administrative errors. Plaintiff has experienced repeated instances of nonpayment and prolonged delay across multiple claims and multiple IDR Determinations, evidencing a pattern of retaining amounts owed while Plaintiff bears the financial burden of delivering care.

**State-Law Timeliness Obligations**

38. Separately and additionally, Defendant failed to timely pay certain clean claims and other amounts due within timeframes required by applicable state law, and is liable for statutory interest and other relief as permitted by that law.

**Harm to Plaintiff**

39. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages including, without limitation:

a. Unpaid reimbursement amounts;

b. Loss of the time value of money;

Electronically Filed - St Louis County - June 04, 2026 - 12:33 PM

c. Increased administrative and collection costs;

d. Disruption to cash flow and operations; and

e. Other consequential harms to be proven at trial.

40. Defendant has been unjustly enriched by failing to pay Plaintiff for services rendered, thereby retaining the benefit of those services – including the discharge of Defendant's obligation to its members to provide or pay for covered healthcare – without providing the compensation due.

**Summary of Amounts Owed**

41. As of the filing of this Petition, Defendant owes Plaintiff at least **$263,111.29** across **29** unpaid IDR Determinations and related claim balances, as reflected in Exhibit A.

## CAUSES OF ACTION

## COUNT I – UNJUST ENRICHMENT

42. Plaintiff repeats and realleges each and every allegation contained in the preceding sections of this Petition as if fully set forth herein.

43. Unjust enrichment is an equitable doctrine that prevents a party from retaining a benefit conferred by another where retention without payment would be unjust. Plaintiff alleges (a) Defendant received a benefit from Plaintiff, and (b) Defendant's retention of that benefit without payment is inequitable.

44. Plaintiff rendered medically necessary healthcare services to individuals covered by health benefit plans issued, administered, and/or managed by Defendant.

45. In provider–insurer disputes, the relevant "benefit" is not merely the medical services in the abstract, but the discharge of Defendant's obligation to its insured/member to provide, arrange for, or pay for covered healthcare services. By furnishing covered services to

Electronically Filed - St Louis County - June 04, 2026 - 12:33 PM

Defendant's members, Plaintiff satisfied obligations that Defendant owed under its plans and/or applicable law, thereby conferring a cognizable benefit on Defendant.

46. Defendant had reasonable notice that Plaintiff expected to be paid for the benefit conferred. Plaintiff submitted claims and/or invoices for the services rendered, and Defendant acknowledged the claims by issuing explanations of benefits ("EOBs") and/or other claim adjudication communications.

47. Defendant failed to pay certain claims, underpaid certain claims, and/or unreasonably delayed payment, thereby retaining the benefit of Plaintiff's performance without commensurate compensation.

48. For applicable claims, the parties' dispute over the appropriate amount owed was addressed through the NSA open negotiation and IDR processes. Certified IDR entities issued determinations identifying additional amounts owed by Defendant for specific claims, as reflected in Exhibit A.

49. Plaintiff pleads the IDR history as factual context and valuation evidence. The IDR Determinations provide a concrete, non-speculative measure of the value of the benefit Defendant retained after Plaintiff discharged Defendant's obligations by providing covered care.

50. Despite notice and demand, Defendant failed to remit payment and/or failed to remit payment in full for multiple claims, including claims for which IDR Determinations confirmed additional amounts owed, resulting in a direct connection between Plaintiff's impoverishment and Defendant's enrichment.

51. Defendant's retention of the benefit without payment is unjust and inequitable because Defendant accepted and retained the benefits of Plaintiff's services for Defendant's members while withholding monies that, in equity and good conscience, should be paid to Plaintiff.

Electronically Filed - St Louis County - June 04, 2026 - 12:33 PM

52. As a further result of Defendant's delayed and withheld payments, Defendant has obtained additional financial benefits from retaining funds owed to Plaintiff, including the time-value of money and, to the extent proven, interest, float, or investment-related benefits derived from the retention of amounts due.

WHEREFORE, Plaintiff prays this Court enter judgment in its favor and against Defendant for Plaintiff's damages in the amount of not less than $263,111.29, plus pre-judgment and post-judgment interest at the maximum rate allowable by law, for Plaintiff's court costs and attorneys' fees, and for such other and further relief that the Court deems just and appropriate.

**COUNT II – QUANTUM MERUIT**

53. Plaintiff repeats and realleges each and every allegation contained in the preceding sections of this Petition as if fully set forth herein.

54. Plaintiff provided medically necessary healthcare services to individuals covered by health benefit plans issued, administered, and/or managed by Defendant.

55. Plaintiff rendered those services with a reasonable expectation of being paid for the services provided, including payment of the reasonable value of the services and/or amounts otherwise due and owing for the services at issue.

56. Defendant accepted, utilized, and benefited from Plaintiff's services, including because Plaintiff's services discharged Defendant's obligations to its members to provide, arrange for, and/or pay for covered healthcare services.

57. Defendant had notice that Plaintiff expected to be compensated for the services rendered, including because Plaintiff submitted claims and/or invoices for payment and Defendant issued explanations of benefits ("EOBs") and/or other claim adjudication communications reflecting Defendant's processing of the claims.

Electronically Filed - St Louis County - June 04, 2026 - 12:33 PM

58. Defendant has failed to pay, has underpaid, and/or has unreasonably delayed payment for the services at issue, including with respect to claims for which the amount owed was confirmed through applicable processes (including the NSA open negotiation and IDR processes).

59. Under the circumstances, it would be unjust and inequitable for Defendant to retain the benefits of Plaintiff's services without paying Plaintiff the reasonable value of those services and/or amounts due.

WHEREFORE, Plaintiff prays this Court enter judgment in its favor and against Defendant for Plaintiff's damages in the amount of not less than $263,111.29, plus pre-judgment and post-judgment interest at the maximum rate allowable by law, for Plaintiff's court costs and attorneys' fees, and for such other and further relief that the Court deems just and appropriate.

**COUNT III – VIOLATION OF MISSOURI PROMPT PAY LAW AND REGULATIONS (Mo. Rev. Stat. § 376.383 et seq.)**

60. Plaintiff repeats and realleges each and every allegation contained in the preceding sections of this Petition as if fully set forth herein.

61. Missouri's prompt payment requirements governing healthcare claims arise pursuant to Mo. Rev. Stat. § 376.383 et seq. (the "Prompt Pay Framework"), which requires insurers and health carriers to timely adjudicate and pay clean claims submitted by healthcare providers.

62. At all relevant times, Defendant was an "insurer," "health carrier," and/or acted through an "administrator," as those terms are defined and used within the Prompt Pay Framework, and was therefore subject to Missouri's prompt payment requirements with respect to claims for covered healthcare services submitted by Plaintiff.

Electronically Filed - St Louis County - June 04, 2026 - 12:33 PM

63. Plaintiff submitted claims for covered services to Defendant, and those claims were submitted with the information reasonably necessary for Defendant to adjudicate the claim and make payment.

64. Pursuant to Mo. Rev. Stat. § 376.383, Defendant was required to remit payment for submitted clean claims within the timeframes specified by statute, including:

a. Within thirty (30) processing days after receipt of a claim, Defendant was required to notify Plaintiff of the claim's status and either determine that the claim was a clean claim and pay or deny the claim, or request additional information necessary to adjudicate the claim;

b. Within ten (10) processing days after receipt of requested additional information, Defendant was required to pay the claim or any undisputed portion of the claim, deny the claim, or issue a final request for additional information; and

c. Within five (5) processing days after receipt of information responding to a final request, Defendant was required to pay the claim or any undisputed portion thereof or deny the claim.

65. Defendant failed to remit payment within the timeframes required by Mo. Rev. Stat. § 376.383 for certain claims submitted by Plaintiff and/or failed to timely remit payment of amounts that became due following adjudication and dispute-resolution processes, including amounts reflected in Exhibit A.

66. Under Mo. Rev. Stat. § 376.383, Defendant is obligated to pay interest on overdue claims at the rate of one percent (1%) per month, and a penalty equal to one percent (1%) of the

Electronically Filed - St Louis County - June 04, 2026 - 12:33 PM

claim per day, as provided by statute when payment is not made within the required statutory timeframes.

67. On information and belief, Defendant had no good cause nor justification for its failure to timely remit payments for claims, interest, and/or penalties to Plaintiff as required by Mo. Rev. Stat. § 376.383.

68. As a direct and proximate result of Defendant's failure to comply with the Prompt Pay Framework, Plaintiff has been damaged, including by being deprived of timely reimbursement, losing the time value of money, and incurring additional administrative and collection costs, including but not limited to attorneys' fees.

WHEREFORE, Plaintiff prays this Court enter judgment in its favor and against Defendant for Plaintiff's damages in the amount of not less than $263,111.29, plus pre-judgment and post-judgment interest at the maximum rate allowable by law, for Plaintiff's court costs and attorneys' fees, and for such other and further relief that the Court deems just and appropriate.

**COUNT IV – BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

69. Plaintiff repeats and realleges each and every allegation contained in the preceding sections of this Petition as if fully set forth herein.

70. Plaintiff is entitled to enforce Defendant's payment obligations arising from the parties' payment relationship, including through valid assignments of benefits executed by Defendant's members and/or as an intended third-party beneficiary, as applicable to particular claims.

71. The parties' contractual payment arrangements constitute contracts governed by Missouri law.

Electronically Filed - St Louis County - June 04, 2026 - 12:33 PM

72. Every contract governed by Missouri law contains an implied covenant of good faith and fair dealing, which requires that neither party act in a manner that destroys or injures the right of the other to receive the fruits of the contract.

73. Defendant breached the implied covenant by exercising its claims-processing discretion arbitrarily, unreasonably, and in bad faith, including by:

a. Failing to timely and fairly adjudicate covered claims;

b. Issuing payment determinations without reasonable bases;

c. Engaging in delay tactics designed to avoid or postpone payment;

d. Failing to remit payment after amounts owed were determined through applicable processes; and

e. Withholding payment despite notice, demand, and confirmation of amounts due.

74. Defendant's conduct lacked a reasonable basis and was undertaken with knowledge or reckless disregard of Plaintiff's contractual rights, thereby depriving Plaintiff of the benefits reasonably expected under the parties' payment relationship.

WHEREFORE, as a direct and proximate result of Defendant's breach, Plaintiff prays this Court enter judgment in its favor and against Defendant for Plaintiff's damages in the amount it would have earned if the contract had not been breached, plus pre-judgment and post-judgment interest at the maximum rate allowable by law, for Plaintiff's court costs and attorneys' fees, and for such other and further relief that the Court deems just and appropriate.

**COUNT V— INSURANCE BAD FAITH FAILURE TO PAY**

75. Plaintiff repeats and realleges each and every allegation contained in the preceding sections of this Petition as if fully set forth herein.

Electronically Filed - St Louis County - June 04, 2026 - 12:33 PM

76. Defendant owed a duty to act in good faith in the handling and payment of claims submitted for services rendered to its members.

77. Defendant lacked a reasonable basis for failing to pay the amounts owed for covered services rendered to its insured members.

78. Defendant knew, or recklessly disregarded that it lacked a reasonable basis for its failure to pay.

79. Defendant's conduct was intentional, malicious, or undertaken in reckless disregard of Plaintiff's rights, including by withholding payment after the amount owed was determined through binding dispute-resolution procedures.

WHEREFORE, Plaintiff prays this Court enter judgment in its favor and against Defendant for Plaintiff's damages in the amount of not less than $263,111.29, plus pre-judgment and post-judgment interest at the maximum rate allowable by law, for Plaintiff's court costs and attorneys' fees, and for such other and further relief that the Court deems just and appropriate.

**COUNT V – BREACH OF IMPLIED-IN-FACT CONTRACT**

80. Plaintiff repeats and realleges each and every allegation contained in the preceding sections of this Petition as if fully set forth herein.

81. At all relevant times, Defendant administered payment obligations for members who received medically necessary services from Plaintiff.

82. Through an established and ongoing course of dealing between Plaintiff and Defendant, an implied-in-fact contract arose based upon the parties' conduct and mutual assent, as demonstrated by:

a. Plaintiff's provision of medically necessary services to Defendant's members with the reasonable expectation of payment;

Electronically Filed - St Louis County - June 04, 2026 - 12:33 PM

b. Plaintiff's submission of claims and required documentation in accordance with Defendant's claims-processing procedures;

c. Defendant's acceptance, review, and adjudication of those claims;

d. Defendant's issuance of explanations of benefits ("EOBs") and payment determinations identifying allowed amounts and payment responsibility;

e. Defendant's partial payments on certain claims; and

f. Defendant's participation in open negotiation and dispute-resolution processes concerning payment amounts.

83. The parties' conduct manifested mutual assent that Plaintiff would furnish services and Defendant would process and pay for those services in accordance with established payment practices and applicable law.

84. The consideration for the implied-in-fact contract consisted of Plaintiff's provision of healthcare services that discharged Defendant's obligations to its members, in exchange for Defendant's agreement to process and remit payment for those services.

85. Plaintiff fully performed its obligations under the implied-in-fact contract by rendering the services at issue and submitting claims and supporting documentation consistent with Defendant's requirements and industry standards.

86. Defendant breached the implied-in-fact contract by failing to honor its payment obligations arising from the parties' course of dealing, including by:

a. Failing to remit payment, or remitting only partial payment, for services rendered;

b. Issuing payment determinations inconsistent with Defendant's established payment practices;

Electronically Filed - St Louis County - June 04, 2026 - 12:33 PM

c. Unreasonably delaying payment after receipt of clean claims and/or necessary documentation;

d. Failing to remit payment of balances confirmed through dispute-resolution processes for applicable claims (including, where applicable, IDR determinations alleged solely as valuation evidence); and

e. Retaining the benefit of Plaintiff's performance without payment as contemplated by the parties' established course of conduct.

87. Defendant's breaches deprived Plaintiff of the benefit of the parties' implied agreement and caused Plaintiff to suffer damages including unpaid amounts, administrative costs, and loss of the time value of money.

WHEREFORE, Plaintiff prays this Court enter judgment in its favor and against Defendant for Plaintiff's damages in the amount of not less than $263,111.29, plus pre-judgment and post-judgment interest at the maximum rate allowable by law, for Plaintiff's court costs and attorneys' fees, and for such other and further relief that the Court deems just and appropriate.

**COUNT VI – DECLARATORY JUDGMENT**
**(Mo. Rev. Stat. § 527.010 et seq.)**

88. Plaintiff repeats and realleges each and every allegation contained in the preceding sections of this Petition as if fully set forth herein.

89. An actual, justiciable controversy exists between Plaintiff and Defendant concerning Defendant's payment obligations for the claims at issue, including:

a. Whether Defendant is obligated to remit payment for amounts due on claims submitted by Plaintiff;

b. Whether Defendant is obligated to remit payment of unpaid balances reflected in the IDR Determinations (Exhibit A); and

Electronically Filed - St Louis County - June 04, 2026 - 12:33 PM

c. Whether Defendant is obligated to pay statutory interest and related relief under applicable Missouri prompt payment law.

90. Plaintiff is entitled to a declaration of its rights and Defendant's obligations pursuant to the Missouri Declaratory Judgment Act, Mo. Rev. Stat. § 527.010 et seq., and this Court has authority to declare the rights and legal relations of the parties.

91. Plaintiff seeks a declaration that Defendant is obligated to timely pay the amounts due for the services rendered and claims submitted by Plaintiff, including amounts identified as owed in Exhibit A, and that Defendant's continued nonpayment and delay are inconsistent with Defendant's obligations under applicable law.

92. Plaintiff further seeks a declaration that, to the extent the claims at issue constitute "clean claims" and/or otherwise fall within Missouri's prompt payment requirements, Defendant is obligated to pay such claims within the timeframes required by Missouri law and to pay interest, penalties, and other relief on overdue payments as permitted by law.

93. A declaratory judgment will serve a useful purpose in clarifying and settling the parties' legal relations and will terminate, or afford relief from, the uncertainty, insecurity, and controversy giving rise to this proceeding.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendant, and award the following relief:

1. An award of damages and/or payment in an amount to be proven at trial, including payment of all amounts due and owing on the claims at issue, including unpaid balances reflected in Exhibit A;

Electronically Filed - St Louis County - June 04, 2026 - 12:33 PM

2. Restitution and disgorgement of all benefits wrongfully retained by Defendant, including the value of the benefit conferred and retained without payment and, to the extent proven, benefits derived from delay (including float/time-value benefits);
3. Statutory interest, penalties, and any other relief available under Missouri prompt payment law, including Mo. Rev. Stat. § 376.383 et seq., for all overdue clean claims and other overdue amounts as permitted by law;
4. Declaratory relief pursuant to the Missouri Declaratory Judgment Act, Mo. Rev. Stat. § 527.010 et seq., declaring the rights, status, and legal relations of the parties, including Defendant's obligation to remit payment and to comply with applicable Missouri prompt payment requirements (including interest and penalties);
5. Prejudgment interest and post-judgment interest as permitted by law;
6. Costs of suit, and attorneys' fees to the extent recoverable by contract, statute, regulation, or other applicable law; and
7. Such other and further legal and equitable relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Electronically Filed - St Louis County - June 04, 2026 - 12:33 PM

Respectfully submitted,

**HUSCH BLACKWELL LLP**

*/s/ Mary K. Mullen*
Mary K. Mullen, #70265
Kasey Groneck, #76632
8001 Forsyth Boulevard, Suite 1500
St. Louis, Missouri 63105
314-480-1500
314-480-1505
marykate.mullen@huschblackwell.com
kay.groneck@huschblackwell.com

*Attorneys for Plaintiff A Loveland Venture, LLC (DBA The Phoenix IOM)*